UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2017

Submitted: September 19, 2017    Decided: October 23, 2017

Docket No. 17‐1067

- - - - - - - - - - - - - - - - - - - - - - - - -
MEI XING YU, individually, on behalf of all other employees similarly situated,

    Plaintiff,

        v.

HASAKI RESTAURANT, INC., SHUJI YAGI, KUNITSUGU NAKATA, HASHIMOTO GEN,

    Defendants‐Petitioners,

JOHN DOE AND JANE DOE #1‐10,

    Defendants.[1]
- - - - - - - - - - - - - - - - - - - - - - - - -

Before:   NEWMAN, WALKER, and POOLER, Circuit Judges.

    Petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) and for leave to file a late petition.

    Petition and late filing granted.

---

[1] The Clerk is requested to change the official caption as above.

Louis Pechman, Laura Rodríguez, Lillian M. Marquez, Pechman Law Group PLLC, New York, NY, for Defendants-Petitioners.

JON O. NEWMAN, Circuit Judge:

The pending petition for permission to take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) presents a narrow issue concerning the procedure for perfecting such an appeal. The issue is whether, under the circumstances of this case, the petitioners' notice of appeal, which was filed within ten days of the District Court's order sought to be reviewed, is the functional equivalent of a section 1292(b) petition to invoke our jurisdiction over a later filed petition.

## Background

The section 1292(b) petition arises out of a suit filed in the District Court for the Southern District of New York by Mei Zing Yu, a sushi chef, against Yu's employer, Hasaki Restaurants, Inc., and three restaurant owners or managers (collectively "Hasaki") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and

New York Labor Law.[2] The complaint was filed "on behalf [of] all other employees similarly situated."

Yu and Hasaki negotiated a settlement. Counsel for Yu then informed the District Court by letter that Yu had accepted the defendants' offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.

The District Court (Jesse M. Furman, District Judge) ordered the parties to submit the settlement agreement to the Court for the Court's approval and also to submit letters detailing why the settlement was fair and reasonable. In response, counsel for Hasaki sent the Court a letter for all parties, arguing that the District Court lacked authority to review the offer of judgment because entry of a Rule 68 judgment is mandatory. The Judge Furman considered an amicus curiae brief filed by the U.S. Department of Labor in a similar case pending before another District Judge. That brief argued that District Court approval of the settlement was required.

---

[2] The complaint also sought relief against "Defendant [*sic*] John Doe and Jane Doe #1-10" alleged to own the stock of Hasaki Restaurant, Inc. and to make decisions about employees' salaries and hours.

On April 10, 2017, the District Court entered an Opinion and Order setting forth its view that judicial review of an FLSA settlement was required before entry of a Rule 68 judgment. *Yu v. Hasaki Restaurant, Inc.*, 319 F.R.D. 111 (S.D.N.Y. 2017). Judge Furman explained that the considerations animating this Court's decision in *Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199 (2d Cir. 2015), requiring court approval of FLSA claims sought to be settled by stipulated dismissal, see Fed. R. Civ. P. 41(a)(1)(A)(ii), applied to Rule 68 settlements. *See Yu*, 319 F.R.D. at 117. The District Court's Order directed the parties, in the absence of a notice of appeal filed within ten days, to submit a joint letter explaining the basis for their settlement and why it should be approved. Acknowledging the split of authorities on the Rule 68 issue among district courts within the Second Circuit, Judge Furman certified his order for interlocutory review under 28 U.S.C. § 1292(b). He also stayed the FLSA case in the event a timely notice of appeal was filed.

On April 14, 2017, Hasaki filed in the District Court a notice of appeal from the District Court's April 10 Order.[3] The notice of appeal identified the Order appealed from and its date. On the same date, the notice of appeal, the District Court's Order and Opinion sought to be reviewed, and the docket sheet were electronically transferred to this Court by the CM/ECF system. On April 27, 2017, Hasaki filed in this Court Forms C and D, describing the nature of the action and the issues to be raised. On June 21, 2017, Hasaki filed a petition for leave to appeal pursuant to section 1292(b) with a request that it be accepted as timely filed. Yu has filed no response to the petition.

Discussion

*Timeliness.* Section 1292(b) of Title 28 authorizes a district judge, when entering an order not otherwise appealable in a civil action, to state "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §

---

[3] The notice of appeal uses the District Court's caption, identifying the plaintiff as "Mei Xing Yu, on behalf of himself and all others similarly situated."

1292(b). The relevant court of appeals may, in its discretion, permit an appeal from the order if application is made within ten days after entry of the order. *See id*. Rule 5 of the Federal Rules of Appellate Procedure requires a request for permission to file a discretionary appeal to be filed within the time specified by the statute authorizing the appeal. *See* FRAP 5(a)(2).

We acknowledge at the outset that time requirements for invoking appellate jurisdiction are strictly enforced. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (appellate time limits are jurisdictional). In *Bowles v. Russell*, 551 U.S. 205 (2007), for example, the Supreme Court ruled that a court of appeals lacked jurisdiction where a district court had mistakenly told an appellant that his notice of appeal could be filed within seventeen days, instead of the fourteen days specified in the relevant rule, FRAP 4(a)(6). *See id*. at 209-15.

In the pending matter, Hasaki's petition to appeal the District Court's April 10 Order was filed beyond the ten days specified in section 1292(b). However, a notice of appeal was filed within that ten day period. The issue presented is whether the notice of appeal may be deemed the

functional equivalent of a section 1292(b) petition for purposes of invoking this Court's jurisdiction over Hasaki's petition.

In *Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005), we ruled that a brief, filed within ten days of a District Court's order, was the functional equivalent of a section 1292(b) petition. A brief is, of course, a far more informative document that a bare notice of appeal. But *Casey* permits us to determine whether, under the circumstances of this case, we should deem Hasaki's notice of appeal, filed in the District Court, sufficient to invoke our appellate jurisdiction over the petition for an interlocutory appeal. That notice identified the Order for which review was sought. It also triggered the automatic electronic transmission to this Court of the notice of appeal and the District Court's Order and Opinion. That Opinion fully informed us of the considerations relevant to whether the District Court's Order was appropriate for a section 1292(b) appeal.

We thus knew, within ten days of the District Court's Order, everything we needed to know in order to exercise our discretion whether to permit the interlocutory appeal.

7

We note that the District Court's Order required the parties to explain the justification for their settlement "[a]bsent a notice of appeal being filed within ten days, *see* 28 U.S.C. § 1292(b)." *Yu*, 319 F.R.D. at 117. The citation was helpful, but the reference to a notice of appeal was not.

There is a reason why this Court should be somewhat indulgent in determining whether the notice of appeal should be considered the functional equivalent of a section 1292(b) petition. We are not asked to uphold appellate jurisdiction solely for the benefit of a litigant who has not prevailed after plenary proceedings in a district court. *Compare Hartford Fire Insurance Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 554 (2d Cir. 2000) (rejecting appellate jurisdiction because of an arguably deficient notice of appeal) *with Billino v. Citibank, N.A.*, 123 F.3d 723, 725-26 (2d Cir. 1997) (upholding appellate jurisdiction despite an arguably deficient notice of appeal). Here, the acceptance of appellate jurisdiction would achieve the objective of a conscientious district court judge who has determined, after a comprehensive analysis, that an interlocutory

appeal will serve the interests of efficient judicial administration.

Under all the circumstances, we deem the timely filed notice of appeal sufficient to invoke our appellate jurisdiction over the section 1292(b) petition.[4] Having accepted jurisdiction over the petition by virtue of the timely notice of appeal and timely receipt of related information, we grant Hasaki's request to file his later filed formal section 1292(b) petition.

*Appellate discretion*. The District Court's Order clearly merits interlocutory review under section 1292(b), as Judge Furman sensibly recognized. The issue of whether Rule 68 settlements in FLSA cases require District Court review and approval is "a controlling question of law," 28 U.S.C. § 1292(b), and "there is substantial ground for difference of opinion," *id.*, as the differing rulings

---

[4] Our reliance on a timely filed notice of appeal distinguishes this case from *Bowles*, 551 U.S. at 213, where the Supreme Court rejected appellate jurisdiction in the absence of a notice of appeal filed within the prescribed time period. We acknowledge that the Eighth Circuit declined to deem a notice of appeal the functional equivalent of a section 1292(b) petition under circumstances similar to those in this case. *See Estate of Storm v. Northwest Iowa Hospital Corp.*, 548 F.3d 686 (8th Cir. 2008). We note that the issue tendered for interlocutory review concerned whether to certify a state law question to a state court. *See id*. at 687. By contrast, the pending case concerns the interplay of a federal statute and a federal rule.

within this Circuit demonstrate. *Compare, e.g., Sanchez v. Burgers & Cupcakes LLC,* No. 16-CV-3862 (VEC), 2017 WL 2171870, at *3 (S.D.N.Y. Mar. 16, 2017) (Rule 68 settlement of FLSA case not valid absent court or Department of Labor approval), *with, e.g., Anwar v. Stephens*, No. 15-CV-4493 (JS) (GRB), 2017 WL 455416, at *1 (E.D.N.Y. Feb. 2, 2017) (Rule 68 settlement of FLSA case not subject to court approval). Furthermore, "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## Conclusion

Leave to file the petition for section 1292(b) review is granted, and the petition is granted.